UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANNIE A. KROL-KNIGHT,       :   CIVIL NO. **1:05-CV-0735**
                          :
       Plaintiff       :   (Magistrate Judge Smyser)
                          :
   v.                 :
                          :
HIGHMARK LIFE & CASUALTY    :
GROUP and HIGHMARK LIFE      :
INSURANCE COMPANY,           :
                          :
       Defendants      :

## MEMORANDUM AND ORDER

This civil action was started by a complaint filed on April 12, 2005.  The plaintiff, Annie A. Krol-Knight, brought the action to recover long term disability benefits wrongfully denied and to clarify her right to long term disability benefits.  The action is brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  The plaintiff claims a right to have long term disability benefits under the Highmark Life and Casualty Long Term Disability Plan and an insurance policy that is issued under an "employee benefit plan" pursuant to ERISA, 29 U.S.C. § 1002(3).  The court has jurisdiction under 29 U.S.C. § 1132(e)(1).  The parties consented to a magistrate judge as the presiding officer pursuant to 28 U.S.C. § 636(c).

The plaintiff resides in Enola, Pennsylvania.  The defendant Highmark Life and Casualty Group is a Pennsylvania corporation.  The plaintiff worked at Highmark as a claims examiner from July 22, 1991 to April 10, 2003.

A disability insurance policy was provided for employees of Highmark Life and Casualty Group (Highmark Plan).  The plan administrator was defendant Highmark Life Insurance Company.

An answer was filed by defendants on June 8, 2005 to the plaintiff's complaint.  Doc. 3.  A case management conference was held on September 23, 2005, and a case management order was issued.  Doc. 13.  The parties agreed that the case is appropriate for disposition pursuant to summary judgment motions upon an agreed record.  A stipulation filed on January 4, 2006 stated that Doc. 16, Exhibit A is the complete set of administrative records used by the Plan Administrator in determining that the plaintiff was no longer eligible to receive long term disability benefits under the Group Disability Insurance Policy involved here.  Summary judgment motions were filed on January 17, 2006 along with briefs and LR 56.1 statements of material fact.  Docs. 16-24.  Briefs in opposition were filed and answers to LR 56.1 statements were filed.

The plaintiff stopped working on September 5, 2002, and began to receive short-term disability benefits under the Highmark Plan.  She had earlier been certified as disabled, in 2001.

The insurer certified disability from March 19, 2001 through April 24, 2001 based upon the report of Dr. Nasir.  Doc. 16, p.

2

14.  By notification dated April 30, 2001, Highmark informed the plaintiff that "your claim cannot be certified further since updated medical information received from your attending physician does not support continued disability." *Id.* at p. 15. On May 29, 2001, Highmark notified the plaintiff that, based upon information from Dr. Nasir, disability had been certified from March 19, 2001 through June 12, 2001. *Id.* at p. 16.  By letter of June 28, 2001, certification was again extended to July 10, 2001. *Id.* p. 17.  By letter of August 6, 2001, the certification was extended to August 19, 2001. *Id.* p. 18.

By letter of October 11, 2001 the plaintiff was told that long term disability payments had been approved.  *Id.* pp. 21-22. By letter of November 30, 2001 she was told the following:

November 30, 2001

Ms. Annie Krol-Knight
71 Sherwood Circle
Enola, PA 17025

RE: LONG TERM DISABILITY BENEFITS
CLAIM #2001-262-55447 GROUP POLICY #911760

Dear Ms. Krol-Knight:


We are writing, at this time, to advise you that we
have reviewed your claim to determine your eligibility
for continued Long Term Disability benefits.  According
to the policy provisions for Highmark, Inc., you no
longer qualify for Long Term Disability benefits.  In
order to be considered totally disabled from your
occupation you must meet the following provisions:

**TOTALLY DISABLED**

During the first 30 months of one continuous period of
disability you must be Totally Disabled from your Own
Occupation.

You are Disabled from your own occupation if you are
currently unable, as a result of your sickness,
accidental bodily injury, or pregnancy, to perform the
substantial and material duties of your own occupation,
with or without reasonable accommodations by an
employer, and you are not working at all.

After careful review of your entire claim file
(including your medical records and activities of daily
living) our Medical Director has determined that
effective November 7, 2001 you no longer meet the
definition of disability as described above.  Your
final check for $255.73, representing benefits from
November 1, 2001 through November 7, 2001, has been
sent under separate cover.

We will consider any objective medical evidence you
wish to submit on your behalf that supports your
continued total disability.  Objective medical evidence
includes, but is not limited to, physician's office
notes, test report results, hospital records, therapy
notes, consultation and/or narrative reports, etc.

You may request a review of this denial by writing to
the Highmark Life Insurance Company representative

signing this letter.  The written request for review
must be sent within 60 days of receipt of this letter
and state the reasons why you feel your claim should
not have been denied.  You must include any
documentation (medical records/test reports) which you
feel supports your claim.  Under the normal
circumstances, you will be notified in writing of the
final decision within 60 days of the date your request
for review is received.

Nothing in this letter should be construed as a waiver of
any rights or defense under the policy.  This determination
has been made in good faith and without prejudice under the
terms and conditions of the contract, whether or not
specifically mentioned herein.

Should you have any information which would prove
contrary to our findings, please submit it to us.

Sincerely,


Debra Youngblood
Disabilities Claim Specialist
Highmark Life Insurance Company
1(800)551-0332 ext. 41171

*Id*. pp. 23-24.


A second period of disability began September 5, 2002 and

extended through February 11, 2003. *Id*. pp. 86-96.


In 2003 and 2004 long term disability payments were made to

the plaintiff.  The payments were terminated after one year of

payments had been made, on March 4, 2004.  By letter of March 10,

2004, the plaintiff was informed of this decision.  *Id*. pp. 99-

102.  The determination made was that the plaintiff's "disability

is caused by a self-reported condition of pain."  Acknowledging

that Dr. Nasir had reported that the plaintiff can not work

because of back and neck pain, the Disability Specialist who

stated the decision in the letter to the plaintiff explained that
Dr. Nasir had based his opinion on the patient's subjective
complaint of pain.  The Disability Specialist's letter stated:

> Based on a complete review of the medical information
> reviewed for your LTD claim, we have determined that
> your disability is caused by subjective complaints of
> back and neck pain.  The testing that Dr. Nasir
> provided does not show any significant abnormality to
> explain your continued complaints of pain and your
> inability to perform your past job as a Claims
> Examiner.

*Id*. p. 102.  After the plaintiff had submitted additional medical
records and had requested a review of the decision, in a letter
to the plaintiff dated July 15, 2004 she was told by Highmark
that the insurer's position remained the same: "your disability
is caused by subjective complaints of back and neck pain."  *Id*.
p. 115.


The plaintiff and the defendants each present preliminary
arguments that will be addressed.  The plaintiff argues that the
standard of review is a heightened arbitrary and capricious
standard.  The plaintiff argues that a heightened arbitrary and
capricious standard applies because the defendant plan
administrator is not a distinct entity from the defendant
employer.  The defendants argue that defendant Highmark Life &
Casualty Group is not a proper party, that a heightened arbitrary
and capricious standard should not be applied (or that an only
slightly heightened standard should apply), that the decision to
deny long term disability benefits was not arbitrary and
capricious, and that the decision is supported by substantial

6

evidence.

The record available to the court conducting an arbitrary
and capricious review is the record made before the plan
administrator, which can not be supplemented during litigation.
*Kosiba v. Merck & Co.*, 384 F.3d. 58, 67 n.5 (3d Cir. 2004).  When
a reviewing court is deciding whether to apply the arbitrary and
capricious standard or a more heightened standard of review,
however, it may consider evidence of potential bias and conflicts
of interest that are not found in the administrator's record.
*Id.*   *Bowman v. Hartford Life and Accident Insurance Company*, 2005
WL 2370852 (M.D.Pa. Sept. 27, 2005).

The plaintiff's argument that a material conflict of
interest is present here is that "the policy at issue contains a
provision that expressly grants Highmark discretionary authority
to interpret the plan and to determine eligibility for benefits"
and that Highmark is both the administrator or fiduciary and
insurer of the policy.

The defendants' argument is for the application of a
heightened standard of review "under a sliding scale"
acknowledging that Highmark Life both determines eligibility for
benefits and pays those benefits.  The defendants argue that a
standard of review at "the mild end of the heightened arbitrary
and capricious scale" should be applied because there is no

evidence of a conflict other than the inherent structural
conflict in having one entity both determine eligibility and pay
benefits.  The defendants rely upon *Bowman*, supra.  The plaintiff
does not point to any basis for a determination that an
application of any of the factors reviewed in *Bowman*  -  (1) the
sophistication of the parties, (2) the information accessible to
the parties, (3) the exact financial arrangement between the
parties, and (4) the status of the fiduciary  -  would warrant
greater that a slightly heightened arbitrary and capricious
standard of review here. We will apply a slightly heightened
standard of review here.[1]

Summary judgment is appropriate if the "pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to judgment as a matter of law."  Fed.R.Civ.P.
56(c)).  "The moving party bears the initial burden of
demonstrating the absence of any genuine issue of material fact,
though the non-moving party must make a showing sufficient to
establish the existence of each element of his case on which he
will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*,

---

[1]As our analysis below progresses, we will find the issue to
become reduced to an interpretation of the SELF REPORTED SYMPTOMS
provision of the policy.  Our determination below that the
provision was not incorrectly interpreted or applied would be
unaffected by an application of a very heightened standard of
review, rather that a more deferential or mild standard.

271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477
U.S. 317, 322-23 (1986).  "A factual dispute is material if it
bears on an essential element of the plaintiff's claim, and is
genuine if a reasonable jury could find in favor of the nonmoving
party."  *Natale v. Camden County Correctional Facility*, 318 F.3d
575, 580 (3d Cir.  2003).

     The application of the substantial evidence standard of
review is not a fact finding process.  Despite the necessity of
using Rule 56 of the Federal Rules of Civil Procedure as the
procedural device and as the legal authorization for a case
dispositive motion to the court to review the administrative
record and to decide whether the insurer's decision may or may
not stand, and despite the presence of a putative reasonable fact
finder in summary judgment analysis as a general matter, there is
no use to be made of the reasonable fact finder in this
particular context.  There is no role to be played by a fact
finder in the court's determination of the case when deciding
whether the plan administrator's decision was arbitrary and
capricious.

     The issue presented, accordingly, is whether the plan
administrator's decision is arbitrary and capricious because the
plan has been misinterpreted or because there is not substantial
evidence in the record to support the decision.  *Adamo v. Anchor
Hocking Corp.*, 720 F.Supp. 491, 500 (W.D.Pa. 1989).

The plaintiff's disability insurance policy contains a provision (SELF REPORTED SYMPTOMS) that provides that long term disability benefit payments for any disability caused or contributed to by self-reported symptoms, unless symptoms can be verified by generally accepted medical tests, procedures or examinations, are limited to 12 months of payments.  Doc. 22, p.20.  The definition of self-reported symptoms includes, as an example, pain.

Upon consideration of the Plan, the plaintiff's long term disability claim, and the plan administrator's rationale for the decision, we conclude as a matter of law that the decision is not arbitrary and capricious, for the reason that the plaintiff had collected benefits for 12 months and had presented a disability claim based in part upon pain, a self-reported symptom, when the pain symptoms can not be verified using generally accepted test, procedures or clinical examinations.

Under the arbitrary and capricious standard of review the court must defer to the decision of the plan administrator unless the decision is not supported by the evidence in the record or the administrator has not applied the provision of the plan. *Abnathya v. Hoffman-LaRoche, Inc*., 2 F.3d 40,45 (3d Cir. 1993). The court is not authorized to substitute its judgment in considering the evidence for that of the plan administrator.

10

A digest of the plaintiff's medical conditions and symptoms
was prepared by Dr. Philip Jordan Marion, M.D., Doc. 16, pp. 271-
277, and was submitted on November 13, 2003 to Highmark.  The
plaintiff's criticism of Dr. Marion's determination that the
plaintiff "is functionally capable of performing regular duty
without any restrictions" is that Dr. Marion did not himself make
a determination of the plaintiff's disability but rather based
his determination upon a review of the medical records.  The
plaintiff does not, in criticizing the plan administrator's
reliance upon Dr. Marion's report nor elsewhere in her arguments,
address the significance and the application of the contractual
SELF REPORTED SYMPTOMS provision.

The SELF REPORTED SYMPTOMS provision provides in part that a
disability contributed to by pain is limited to 12 months of
payments.  The plaintiff was paid benefits for 12 months and is
precluded by the contract from further benefits if her pain is a
self-reported symptom within the meaning of this provision.  The
provision also states that a self-reported symptom is a symptom
that the patient (insured) has reported to her physician that can
not be verified using tests, procedures or clinical examinations
that are generally accepted in the practice of medicine.

An independent medical examination on February 11, 2003,
Doc. 16 pp. 235-244, is of no probative value to the plaintiff;
there is no objective verification of pain.  The plaintiff's

11

physicians, Dr. Hanks and Dr. Nasir, diagnosed, or verified, her
pain symptoms as to her back and neck pain, by no objective test
results.  Dr. Hanks accepted the veracity of the reported pain.
Dr. Lippe determined her hand pain to be associated with carpal
tunnel syndrome and apparently remedied it by a carpal release
procedure.  Her doctors interpreted the objective findings from
radiographic diagnostic studies to indicate disc bulging and
encroachment and apparently inferred some veracity in her reports
of pain from that.  See, Doc. 16, p. 273.  Dr. Marion
characterized her back impairment as being in the mild category.
Dr. Marion also noted an absence of objective neurological
deficits.  *Id*. p. 274.  The record does not contain evidence
purporting to be or reasonably construed to be verification of
pain symptoms through test, procedures or examinations.  Medical
evidence in the record that could be construed to support a
finding that the plaintiff has a medical condition that could
reasonably be seen to give rise to or to cause her pain symptoms
does not equate to verification of pain symptoms.  The
administrator's interpretation considers pain to be a self-
reported symptom that can not be verified or at least that has
not been verified here.

    The interpretation and application of the SELF REPORTED
SYMPTOMS contract provision is not discussed by the plan
administrator here beyond a statement that it defeats the claim.
The plan administrator clearly felt it to be adequate to start

12

and to stop the analysis with the finding that the disability is
caused by a self-reported condition of pain.  The plan
administrator has construed the policy to preclude long term
disability payments when the disability is based in part upon the
subjective symptoms attendant to an impairment, no matter how
objectively established the impairment is and no matter how
generally accepted the relationship is between the impairment and
the symptoms, unless the subjective symptoms are verified.

    The plan administrator has not construed the policy in a
manner that is not based upon a correct construction of the SELF
REPORTED SYMPTOMS section of the policy.  The provision plainly
limits the payment of long term disability benefits to a total of
12 months when the disability is caused by or contributed to by
the person's unverified pain.

    No basis is presented by the plaintiff for a finding that
the policy so construed does not provide a justification for the
decision here.  We conclude that there was substantial evidence
to support a finding that the plaintiff's disability is
contributed to by her self-reported symptoms, and that the
decision was not arbitrary or capricious.

    The employer defendant, Highmark Life and Casualty Group,
argues that it is not a proper party to this action and that the
action should be dismissed as to Highmark Life and Casualty

Group.  We will not reach or address that argument, in that
summary judgment will be granted in favor of both defendants and
against the plaintiff.

    The defendants' motion for summary judgment will be granted
and the plaintiff's motion for summary judgment will be denied.

    IT IS ORDERED that the defendants' motion for summary
judgment is GRANTED and that the plaintiff's motion for summary
judgment is DENIED.


                              ___/s/ J. Andrew Smyser___
                                 J. Andrew Smyser
                                 Magistrate Judge


Dated:  March 9, 2006.

14